## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ATRIUM HOSPITALITY LP,<br><br>    Plaintiff,<br><br>  v.<br><br>SCHULTE HOSPITALITY GROUP,<br>INC.,<br><br>    Defendant. | Case No. |

## COMPLAINT

Plaintiff Atrium Hospitality LP ("Atrium"), upon knowledge of its own conduct and otherwise upon information and belief, alleges for its complaint against Defendant Schulte Hospitality Group, Inc. ("Schulte") as follows:

## INTRODUCTION

1.     Atrium and Schulte are each engaged in the business of managing and operating hotels.  Atrium's reputation as an efficient, first-class hotel operator is critical to its future success in the highly competitive market for managing hotels. Atrium's reputation is being attacked unfairly by its competitor, Schulte, which is seeking to dislodge and replace Atrium as a manager of a large portfolio of hotels. In its zeal to win these highly valuable management contracts, Schulte has made and continues to make false claims about Atrium's performance as a hotel manager by,

among other things, falsely claiming that if Schulte replaces Atrium as manager of this hotel portfolio, Schulte will be able to achieve significant cost savings without resulting revenue reductions. Schulte's claims are false and defamatory to Atrium and constitute false advertising in violation of the Lanham Act.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction), 15 U.S.C. § 1121 (Lanham Act jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction over state law claims).

3.     This Court has personal jurisdiction over Schulte, and venue properly lies in this District pursuant to 28 U.S.C. § 1391(b), because Schulte is registered to do business in Georgia, has a registered agent located in this District, and conducts extensive business at properties that it manages in this District.

## STATEMENT OF FACTS

4.     Atrium is a limited partnership headquartered in Alpharetta, Georgia.

5.     Atrium manages eighty-three hotels throughout the United States. Atrium employs thousands of people across the United States. Atrium is affiliated with Atrium Holding Company. Atrium Holding Company, together with a number of affiliates (collectively, "Atrium Holding") holds direct or indirect equity interest in the hotels that Atrium manages.

6.     As a result of economic distress in the hotel industry in the United States resulting from COVID-19 and its consequences, many hotel management contracts may become available for new managers. Atrium is actively pursuing, and intends in the future to pursue, third-party management contracts. Atrium's reputation as a manager is critical to its ability to win such third-party manager contracts.

7.     In addition, Atrium's reputation as a manager is often a key factor in the ability of Atrium Holding to obtain favorable financing to support new acquisitions of hotels to be managed by Atrium. To the extent that Atrium is wrongly perceived as a less effective or efficient manager than its competitors, Atrium Holding will be challenged in its ability to acquire additional properties that would result in an expansion of Atrium's business. Moreover, most of Atrium Holding's hotel properties carry significant amounts of debt financing. Maintaining the confidence of those lenders is crucial to allowing Atrium to continue to manage the hotels that Atrium Holding owns.

8.     Schulte is a corporation incorporated under the laws of Illinois, maintains a principal place of business in Louisville, Kentucky, and may be served with process through its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092. Schulte is engaged in the hotel management business and oversees one hundred fifty-seven

hotels in the United States and the United Kingdom. Schulte and Atrium manage properties in many of the same states and metropolitan areas, particularly in the Midwestern and Southern United States. Schulte is actively engaged in the hotel management business in this District and is registered to do business in the State of Georgia.

9.      Atrium is a first-class, efficient, and effective hotel manager. It consistently achieves favorable economic results at the hotels it manages. In addition to managing hotels for Atrium Holding, Atrium is actively seeking to enter the business of managing hotels for third parties.

10.     Atrium's reputation in the hotel industry is one of its key assets and is particularly vital to its efforts to attract third-party hotel owners to its services. And in the present economic environment, where many hotel owners will likely consider changes to their hotel management relationships in the near- and medium-term future, any attack on that reputation could be catastrophic to Atrium's ability to grow its business and maintain the business it already has.

11.     Taking management contracts that belong to Atrium—in addition to preventing Atrium from competing for management contracts with third-party hotel owners in the future—appears to be Schulte's plan.

12.     Among other hotels, Atrium manages a portfolio of twenty-nine hotels located throughout the country (the "Portfolio"). These hotels each are subject to a

management agreement under which Atrium is the exclusive manager through 2035. These contracts are valuable, generating, for example, in excess of $9.5 million in management fees to Atrium in 2019. Thus, Schulte's actions jeopardize almost $150 million in fees for Atrium.

13.     In or around September of this year, Schulte created and then disseminated information that included a spreadsheet (the "Spreadsheet") purporting to:  (i) summarize Atrium's financial performance with respect to the Portfolio; and (ii) compare Atrium's current net operating income with Schulte's expected net operating income if Schulte were to replace Atrium as the operator of the Portfolio. This Spreadsheet contained sensitive business information belonging to Atrium and Atrium Holding.  Schulte did not have Atrium's or Atrium Holding's permission to disseminate that information.

14.     In the Spreadsheet, Schulte falsely stated or implied that:  (i) Atrium's financial and management performance is below industry averages; (ii) Atrium's management of the Portfolio has resulted in unnecessary expenses approximating $14 million annually; (iii) Schulte is able to manage hotels with significantly lower operating expenses than Atrium; and (iv) Schulte would be able to reduce expenses by approximately $14 million while managing the Portfolio.  All of these statements were and are false.

15.     The Portfolio is subject to certain debt, including two "mezzanine" loans (the "Mezzanine Loans").

16.     Upon information and belief, Schulte disseminated the false information described above in the course of a promotional campaign from its corporate offices in Louisville, Kentucky, via email, to multiple real estate investors that Schulte believed were considering purchasing one of the Mezzanine Loans and/or to induce these investors to purchase one of the Mezzanine Loans, which would potentially give these investors the right to replace Atrium with Schulte as the manager of the Portfolio.

17.     On October 7, 2020, Atrium sent a letter to Schulte demanding that Schulte cease and desist from making any similar statements in the future.  Schulte has not responded to Atrium's letter.  Nor has Schulte responded to a follow-up email sent to its General Counsel and copying its Chief Executive Officer.

## FIRST CLAIM FOR RELIEF
## FALSE ADVERTISING

18.     Atrium repeats and realleges each allegation in paragraphs 1 through 17 above as if fully set forth herein.

19.     Schulte's statements in the Spreadsheet are false and misleading.

20.     At a minimum, these statements had the capacity to deceive the individuals who received them, including various hotel owners, investors, and lenders (including Atrium Holding's existing creditors), and to influence those

individuals' decision making with respect to the prospect of purchasing and/or financing a controlling interest in the Portfolio.

21.   Schulte disseminated these statements, in the course of a promotional campaign targeting real estate investors, from its corporate offices in Louisville, Kentucky electronically through interstate commerce.

22.   Schulte's false statements have caused or are likely to cause damage to Atrium's business reputation and create a false perception about the relative abilities of Atrium and Schulte.   Such false statements could result in Atrium's loss of existing management contracts as well as its inability to obtain management business in the immediate future as it actively seeks to enter the business of managing properties for third-party hotel owners.

23.   The foregoing conduct constitutes false advertising in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), including, without limitation, false or misleading descriptions or misrepresentations of fact which misrepresent the nature, characteristics, or qualities of Atrium's services and commercial activities.

## SECOND CLAIM FOR RELIEF
### DEFAMATION *PER SE*

24.   Atrium repeats and realleges each allegation in paragraphs 1 through 23 above as if fully set forth herein.

25.   The Spreadsheet contains numerous false statements.

26.   Schulte provided the Spreadsheet to third parties.

27.     Schulte disseminated the statements contained in the Spreadsheet with reckless disregard for the truth or falsity thereof and with the malicious intent to injure Atrium's reputation and, in doing so, supplant Atrium as manager of the Portfolio and unfairly prevent Atrium from competing for business relationships with third-party hotel owners.

28.     Schulte's false statements prejudice Atrium in its business of managing hotel properties, including by threatening to divest Atrium of its position as manager of the Portfolio and prevent Atrium from fairly competing for management contracts with third-party hotel owners in the future.

29.     Schulte's false statements have further interfered with Atrium Holding's negotiations with its creditors regarding the Portfolio, including with the holders of the Mezzanine Loans.  If Atrium Holding is unsuccessful in those negotiations, Atrium stands to be replaced as the manager of the Portfolio by Schulte.

30.     The foregoing conduct is defamation *per se*.

## PRAYER FOR RELIEF

WHEREFORE, Atrium is entitled to judgment as against Schulte:

(i)     declaring that Schulte's conduct alleged herein be adjudged and decreed to be false advertising in violation of the Lanham Act and defamation *per se*;

8

(ii)  granting monetary damages in accordance with applicable law;

(iii)  awarding Atrium all attorney's fees and other costs associated with this

action; and

(iv)  awarding any other and further relief that the Court deems just and

proper.

This _20_ day of October, 2020.

A. McCAMPBELL GIBSON
Georgia Bar No. 292741
DANIEL P. HENDRIX
Georgia Bar No. 748920

**THE FINLEY FIRM, P.C.**
3535 Piedmont Road
Building 14, Suite 230
Atlanta, GA 30305
Telephone: (404) 320-9979
Facsimile: (404) 320-9978
macgibson@thefinleyfirm.com
dhendrix@thefinleyfirm.com

**MILBANK LLP**

Scott A. Edelman (*pro hac vice*
forthcoming)
Jed M. Schwartz (*pro hac
vice* forthcoming)
55 Hudson Yards
New York, New York 10001
Tel:  (212) 530-5000
SEdelman@milbank.com
JSchwartz@milbank.com

*Attorneys for Plaintiff Atrium Hospitality LP*

I further certify that the foregoing pleading has been prepared with Times

New Roman, 14-point font, in compliance with L.R. 5.1B.

/s/ A. McCampbell Gibson
A. McCAMPBELL GIBSON
Georgia Bar No. 292741